United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Evander Livingston, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21068-Civ-Scola |
| | ) |
| Equifax, Inc., and others, | ) |
| Defendants. | ) |

### Order Granting Leave to Proceed In Forma Pauperis

This matter is before the Court on the Plaintiff's renewed motion for leave to proceed in forma pauperis. (ECF No. 12.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** the motion. (**ECF No. 12.**)

To be able to proceed in forma pauperis, the Plaintiff must establish in an affidavit that he is unable to pay the filing fee due to his financial circumstances. 28 U.S.C. § 1915(a)(1). In evaluating such a motion, the Court must find that "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The Plaintiff has identified in his application to proceed in forma pauperis that he has no income, other than occasional gifts from family members or friends that are "typically around $50." (Mot. at 1.) He has only $4.00 in checking and savings accounts. (*Id.* at 2.) He also does not have any regular monthly expenses and has no dependents. (*Id.*) Accordingly, the Court finds that the Plaintiff's affidavit is sufficient to establish that he is unable to pay court fees and costs because of his poverty. *Martinez*, 364 F.3d at 1307. Therefore, the Court grants the Plaintiff's renewed motion to proceed in forma pauperis.

Additionally, the Court must address the outstanding issue of service of process on the Defendants in this matter. Service of process was required by June 15, 2023, and the Court previously notified the Plaintiff of this requirement. (Not. Upcoming Deadline, ECF No. 10.) On June 15, the Plaintiff filed an "acknowledgement of service" (Ack., ECF No. 12) that purports to demonstrate service of process on each of the Defendants via United States Mail and the Consumer Financial Protection Bureau ("CFPB") website. (*Id.*) But neither of these methods suffice as service of process under Federal Rule of Civil

Procedure 4. The Federal Rules of Civil Procedure do not permit service of process on a corporation by mail, because Florida law does not allow for it. Fed. R. Civ. P. 4(h)(1), 4(e)(1); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) ("Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under [Florida] Rule [of Civil Procedure] 1.070."). Nor is email or submission of service to a third-party via the internet sufficient to establish service of process. *Bodner v. Thunderbird Prod. Corp.*, No. 5:19CV351-TKW-MJF, 2019 WL 13154859, at *1 (N.D. Fla. Oct. 28, 2019) (observing that "Florida law does not provide for service of process by email.").

Before dismissing this matter for failure to timely serve, however, the Court must "consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Given the Plaintiff's pro se status, his renewed motion for in forma pauperis status, and his attempts at performing service of process, the Court finds that an extension should be granted here. The Court will grant the Plaintiff an additional **sixty (60) days** to complete service of process. Therefore, service must be completed no later than **August 14, 2023**.

Because the Court has granted the Plaintiff's request to proceed in forma pauperis, the United States Marshal will be required to serve the Defendants. The Plaintiff must provide the Clerk of the Court with an appropriate summons for each Defendant before the Marshal may complete service. The Court **orders** the Plaintiff to provide the Clerk of the Court with the appropriate summonses for each Defendant no later than **June 26, 2023**. Failure to provide the Clerk of the Court with the appropriate summonses by this deadline **will** result in dismissal of this matter for failure to obey the Court's pretrial order. *See Powell v. Siegal*, 447 F. App'x 92, 94 (11th Cir. 2011) ("Rule 16(f) authorizes a court to impose sanctions, including dismissal under Rule 37(b)(2)(A)(v), if a party fails to obey a pretrial order.").

Finally, the Court reminds the Plaintiff of his requirement to "comply with all Federal Rules of Civil Procedure and Local Rules of the Southern District of Florida." (Order Prov. Instr. Pro Se Litigant, ECF No. 5.) While the Court has found cause to extend the service deadline here, it will not do so again, absent good cause. The Plaintiff bears the responsibility to comply with all applicable rules and law in pursuing this matter. The Plaintiff's failure to comply with those rules and laws will not constitute good cause for any future extension of the deadlines established in the Federal Rules of Civil Procedure and the Local Rules.

Accordingly, it is **ORDERED and ADJUDGED** that the Plaintiff's renewed motion for leave to proceed in forma pauperis is **granted**. (**ECF No. 12**.) The

Clerk is **ordered** to file the complaint and issue a summons. The United States Marshal is **ordered** to serve the summons with a copy of the complaint and this order on the Defendant. The United States will advance the costs of service. The Court also **resets** the deadline for service of process to be completed to **August 14, 2023**.

**Done and ordered** in Miami, Florida, on June 16, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

Copy via U.S. mail to:
Evander Livingston
8324 NW 5th Ct
Miami, FL 33150