United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Evander Livingston, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-21068-Civ-Scola |
| Equifax, Inc., and others, | ) |
| Defendants. | ) |

### Order Granting Defendant Equifax, Inc.'s Motion to Stay Discovery

    This matter is before the Court on Defendant Equifax, Inc.'s August 24, 2023 motion to stay discovery. (ECF No. 26.) The Plaintiff filed a response in opposition on September 5, 2023. (ECF No. 31.) Having considered the parties' arguments, and for the following reasons, the Court finds a stay in this case warranted and therefore **grants** Defendant Equifax, Inc.'s request for a temporary stay of discovery. (**ECF No. 26**.)

    District courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.). Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted" and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided a stay will expire within reasonable limits, it is not immoderate).

    In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). After a "preliminary peek" at Defendant Equifax, Inc.'s motion to dismiss, and the concomitant briefing, the Court finds the issues raised appear to be both "clearly meritorious and truly case dispositive." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997)). Defendant Equifax, Inc. argues in the motion to dismiss that Livingston has sued the wrong entity for his credit reporting claims. (Def.'s Mot. to Dismiss, ECF No. 21 at 4.) According to

Equifax, Inc., it is merely the parent company of a credit reporting agency, Equifax Information Services, LLC. (*Id.*) Equifax, Inc. does not dispute that Equifax Information Services, LLC would be a proper defendant in this case, but Livingston has thus far declined to amend the pleadings to substitute the correct corporate entity for Equifax, Inc. (*See* Def.'s Reply re Mot. to Dismiss, ECF No. 29 at 1-2.)

If the motion to dismiss is granted in its entirety, which at this preliminary stage appears likely, the need for any discovery against Equifax, Inc. will, as the Defendant explains, be eliminated altogether. (Def.'s Mot, ECF No. 26 at 3.) Further, Livingston does not identify any harm or prejudice that would outweigh the efficiencies gained as a result of the temporary pause in the litigation of this case, asserting only that "Equifax, Inc. has engaged in a pattern of Discovery Gamesmanship, seeking to manipulate the legal process to their advantage." (Pl.'s Resp., ECF No. 31 at 2.) Finally, the stay is unlikely to cause prejudice or even substantial delay to the discovery process because discovery may proceed with respect to the other defendants in the case.

The Court thus finds a stay warranted and **grants** Defendant Equifax, Inc.'s motion to stay. (**ECF No. 26**.) Discovery as to Equifax, Inc. is therefore stayed until this Court issues its order on Defendant Equifax, Inc.'s motion to dismiss. If the motion is ultimately denied, discovery must immediately move forward.

**Done and ordered** in Miami, Florida, on September 19, 2023.

Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:
Evander Livingston
8324 NW 5th Ct
Miami, FL 33150