United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Evander Livingston, Plaintiff, ) <br> ) <br> v.                                                     ) <br> ) <br> Equifax, Inc., and others,        ) <br> Defendants.                              ) | Civil Action No. 23-21068-Civ-Scola |

**Order Striking the Amended Complaint**

The Plaintiff sued Defendants Equifax, Inc., Experian Information Solutions, Inc., and TransUnion, LLC for violations of the Fair Credit Reporting Act and Florida's Deceptive and Unfair Trade Practices Act. (Am. Compl., ECF No. 8.) Defendant Equifax, Inc. moved to dismiss the claims against it (ECF No. 21), and the Plaintiff filed a document entitled "Judicial Notice," which the Court treats as a response to the motion to dismiss. (ECF No. 24.) Defendant Equifax, Inc. filed a reply. (ECF No. 29.) Defendant TransUnion, LLC later filed a motion for judgment on the pleadings, to which the Plaintiff did not respond. (ECF No. 33.)

The Court has carefully considered the record, the briefing, the applicable law, and is otherwise fully advised. For the reasons described below, the Court **strikes** the amended complaint and **denies as moot** the Defendant Equifax, Inc.'s motion to dismiss and Defendant TransUnion, LLC's motion for judgment on the pleadings. (**ECF Nos. 21, 33**.)

1. **Background**

The Plaintiff alleges that the Defendants have negligently and willfully violated 15 U.S.C. §§ 1681n(a) and 1681o(a) of the Fair Credit Reporting Act ("FCRA") by failing to follow reasonable procedures to ensure the accuracy of consumer reports, failing to comply with reinvestigation requirements, providing the Plaintiff's credit file to other companies, and inaccurate and unfair credit reporting. (Am. Compl., ECF No. 8 ¶¶ 21-29.) The Plaintiff further alleges that the Defendants have violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") by unfairly and inaccurately reporting on the Plaintiff's credit, falsely representing a good or service, noncompliance, willful noncompliance, unfair and deceptive business practices, and issuing the wrong credit scores to the Plaintiff. (*Id.* ¶ 30.) The Plaintiff claims that he cannot receive credit because of the Defendants' wrongful actions. (*Id.* ¶¶ 12-17.) The

Court has already granted the Plaintiff permission to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 13.)

## 2. Legal Standard

28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if the action fails to state a claim on which relief may be granted. Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Analysis

Livingston's amended complaint as written fails to state a claim because it is an impermissible shotgun pleading. Although pro se pleadings are construed more liberally than those drafted by attorneys, the Eleventh Circuit has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). The Eleventh Circuit has identified four rough types of shotgun pleadings: 1) "the most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; 2) a complaint that commits the "venial sin" of being replete with conclusory, vague, and immaterial facts; 3) a pleading that fails to separate into a different count each cause of action; and 4) where a plaintiff asserts multiple claims against multiple defendants but fails to specify which defendants the respective claims are brought against. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The complaint here is an example of each of the first three types of shotgun pleadings.

The Plaintiff's first two claims for relief are claims of willful and negligent violation of the FCRA, respectively. (Am. Compl., ECF No. 8 ¶¶ 21-29.) Each claim alleges that the Defendants "failed to comply with the requirements imposed" under the FCRA, and then proceeds to make at least four separate statutory claims. (*Id.* ¶¶ 21(a)-(d).) *See, e.g., Wheeler v. Carnival Corp.*, No. 20-

20859-Civ, 2020 WL 977935, at *1 (S.D. Fla. Feb. 28, 2020) (Scola, J.) ("Within the third 'general negligence' count, Wheeler attempts to cram multiple, distinct theories of liability into one claim. Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations."). The Plaintiff also incorporates all factual allegations into each of the three claims and does not separately allege any non-conclusory facts to support them. Similarly, the third claim, for violating FDUTPA, actually alleges at least six claims under the statute and does not provide any corresponding factual support. (*Id.* ¶ 30(a)-(f).) This is a classic shotgun pleading that does not sufficiently "identify which defendant engaged in what allegedly wrongful conduct" or otherwise "give the defendant fair notice of what the claim is and the grounds upon which it rests." *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015) (citing *Twombly*, 550 U.S. at 555.) Instead, the amended complaint fails to allege what each Defendant allegedly did, and how those actions violated the statutes at issue.

### 4. Conclusion

Accordingly, the Court **strikes** the amended complaint (**ECF No. 8**) as a shotgun pleading. If Livingston believes he can, in good faith, repair the pleading defects, he must file a second amended complaint on or before **October 31, 2023**. If he fails to file a second amended complaint by that date or if the second amended complaint fails to state a cognizable claim upon which relief can be granted, the Court may dismiss the case on that date with prejudice. In the event that the Plaintiff is able to remedy the deficiencies in the amended complaint and the Defendants seek to renew their motions, the Defendants are directed to file consolidated motions consistent with the applicable rules and orders of this Court.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, in Miami, Florida, on October 17, 2023.

Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. mail, to*:
Evander Livingston
8324 NW 5th Ct.
Miami, FL 33150