United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Evander Livingston, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-21068-Civ-Scola |
| | ) | |
| Equifax, Inc., and others, | ) | |
| Defendants. | ) | |

### Order Dismissing Case

Previously, on October 18, 2023, the Court ordered Plaintiff Evander Livingston, proceeding pro se, to file a second amended complaint (the Plaintiff already amended the complaint once as a matter of course), repleading his case in accordance with the Court's direction. (ECF No. 37.) The Court forewarned Livingston that his failure to timely do so would result in the dismissal of his case without further notice. The Court ordered Livingston to submit his amended pleading on or before October 31, 2023. The Plaintiff then requested an additional extension to amend the complaint, which the Court granted, extending the deadline to November 6, 2023. (ECF No. 39.) On November 7, 2023, the Plaintiff filed a notice of voluntary dismissal without prejudice, stating that he would refile the lawsuit in due time. (ECF No. 40.) However, voluntary dismissal with respect to all defendants is not possible under Federal Rule of Civil Procedure 41(a)(1)(A)(i) because two of the Defendants have filed answers. (ECF Nos. 19, 22.)

A district court may dismiss a case, on its own initiative, if a plaintiff abandons his prosecution of the suit or fails to comply with the Federal Rules of Civil Procedure or a court order. *Compare* Fed. R. Civ. P. 41(b) *with Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Courts are vested with this inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630–31. The Eleventh Circuit has held that "[t]he legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).

The case has been pending since March 2023, the Plaintiff has amended his complaint once and been afforded an opportunity to amend it a second time, and concedes that he has previously had a similar case dismissed for the

same reasons that the Court struck the amended complaint in this case. The Court finds that the Plaintiff has abandoned his prosecution of this matter by failing to submit a second amended complaint and failed to comply with court orders, and that there is therefore a record of delay. *See, e.g., King v. I.R.S.*, No. 12-CV-00180, 2013 WL 7019206, at *1 (M.D. Ga. September 6, 2013.) The Court therefore **dismisses** this case **with prejudice**. This case is to remain closed and any pending motions are denied as moot.

**Done and ordered** in Miami, Florida on November 8, 2023.

Robert N. Scola, Jr.
United States District Judge